86 A.3d 128

IN THE MATTER OF KEVIN H. MAIN, AN ATTORNEY
AT LAW (ATTORNEY NO. 041121988).

March 26, 2014.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 13–255, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **KEVIN H. MAIN** of **PRINCETON,** who was admitted to the bar of this State in 1988, and who has been suspended from the practice of law since June 11, 2011, pursuant to Orders of the Court filed May 11, 2011, September 26, 2011, June 8, 2012, and April 25, 2013, should be suspended from the practice of law for a period of one year for violating *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further determined that the one-year term of suspension should be served concurrently to respondent's two-year term of suspension imposed on April 25, 2013, and that he should be required to comply with the conditions previously ordered by the Court;

And good cause appearing;

It is ORDERED that **KEVIN H. MAIN** is suspended from the practice of law for a period of one year, effective April 25, 2013, and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to the practice of law, respondent shall submit proof of his fitness to practice, as attested to by a mental health professional approved by the Office of Attorney Ethics and following reinstatement, respondent shall practice law under the supervision of a practicing attorney ap-

proved by the Office of Attorney Ethics for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent continue comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.